IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATASHA WALKER, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| WALGREEN CO., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Latasha Walker (hereinafter "Plaintiff"), and files this lawsuit against Defendant Walgreen Co. (hereinafter "Defendant"), and shows the following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and reasonable attorneys' fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 and § 1337, and 28 U.S.C. §1343(4).

4.

Defendant is a foreign corporation registered and licensed to do business in Georgia, and the unlawful employment practices described herein occurred at 4235 Lawrenceville Highway, Lilburn, Georgia 30047. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia. Venue is also appropriate in this Court in accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), as Defendant's registered agent is located in the Northern District of Georgia and can be served via the Prentice Hall Corporation System, Inc., 40 Technology Parkway South, #300, Norcross, Georgia, 30092.

## PARTIES

5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

7.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential.

8.

Defendant is a foreign corporation that is registered in Georgia and entitled to do business in Georgia.

9.

Defendant Walgreen Co. is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).  Defendant is governed by and subject to the FLSA, 29 U.S.C. § 204, § 207, and § 215.

10.

Defendant Walgreen Co. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Prentice Hall Corporation System, Inc., 40 Technology Parkway South, #300, Norcross, Georgia, 30092.

## FACTUAL ALLEGATIONS

14.

Plaintiff began working the Defendant in August 2006 as a cashier.

15.

In October 2007, Defendant promoted Plaintiff to the position of Assistant Manager.

16.

Plaintiff's job duties included performing opening and closing operations, assisting vendors, training employees, editing employee schedules, building displays, and merchandising according to company policy.

17.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

18.

Plaintiff was often required to work several hours "off the clock" after her scheduled shift ended in order to complete the work that Defendant assigned to her.

19.

Plaintiff would still have assigned work to complete but would be instructed to clock out so that she would not receive overtime. Plaintiff would continue to work after clocking out per her manager's instruction.

20.

The time that Plaintiff worked after her scheduled shift ended caused Plaintiff's work hours to exceed 40 hours each week.

21.

Plaintiff was not compensated for all of the hours that she worked each day that she was required to complete after her shift ended in order to complete her work.

22.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

23.

To complete her assigned work, Plaintiff would sometimes have to work "off the clock" after her scheduled shift.

24.

In August 2013, the loss prevention division of Defendant Walgreen, Co. conducted an investigation involving Plaintiff's store.

25.

During the investigation, Plaintiff made a statement that she performed "off the clock" work for the manager loss prevention was investigating.

26.

On October 1, 2013, Plaintiff received a write-up for working off the clock for her manager but not reporting it to higher management.

27.

Plaintiff was also demoted in a company-wide demotion.  Plaintiff was not able to qualify for a promotion at that time that would have prevented the demotion because of the write-up.

28.

While Plaintiff was told she violated company policy by failing to report off the clock work to higher management, Plaintiff has not been able to locate any policy requiring employees to report off the clock work to higher managers.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT

29.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

30.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

31.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

32.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

33.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

34.

Defendant's conduct was willful and in bad faith.

35.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS
## OF THE FAIR LABOR STANARDS ACT

36.

Defendant has violated 29 U.S.C. § 215(a)(3) by retaliating against Plaintiff for asserting her rights under the FLSA.

37.

Plaintiff completed a written statement outlining that she worked "off of the clock" and accordingly was not paid for all hours she worked in a work week.

38.

Defendant wrote Plaintiff up and demoted Plaintiff with a retaliatory motive after Plaintiff made a statement regarding her "off the clock" work.

39.

In retaliating against Plaintiff for asserting her rights under the FLSA, Defendant has caused Plaintiff pecuniary losses including, but not limited to, lost wages as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to FLSA, 29 § 216; and court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA, 29 USC § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(C) Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, attorneys' fees, costs, and all other remedies allowed under FLSA for Defendants' retaliation against Plaintiff for asserting her rights under the FLSA, including punitive damages should they be permitted;

(D) Grant declaratory relief to the effect that Defendant violated Plaintiff's statutory rights; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 11th day of February, 2014.

**BARRETT & FARAHANY, LLP**

/s/ Abigail Larimer
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Abigail Larimer
Georgia Bar No. 999229

*Attorneys for Latasha Walker*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

/s/ Abigail Larimer
Abigail Larimer
Georgia Bar No. 999229
